OPINION OF THE COURT
 

 Chief Judge Cooke.
 

 We weigh the power of the State Commissioner of Human Rights to reopen a proceeding and alter a decision of a regional director — an employee designated by the commissioner to administer a regional office of the Division of Human Rights (9 NYCRR 465.1). Basic to the issue is whether a regulation of said division (9 NYCRR 465.18, formerly 9 NYCRR 465.13), which grants such authority, is in conflict with section 297 of the Executive Law.
 

 The State Human Rights Appeal Board ruled that the commissioner, acting under the regulation, improperly altered the decision of the regional director. The Appellate Division agreed with this view and affirmed. There should be a reversal.
 

 The controversy concerns a verified complaint filed with the Division of Human Rights by Ms. Valdemarsen, a 62-year-old blind woman who worked for Genesee Hospital as a medical transcriber. Ms. Valdemarsen charged Genesee Hospital with unlawfully discriminating on the basis of age and disability (see Executive Law, art 15). After conducting an investigation, a regional director of the Division of Human Rights issued a determination finding that there was probable cause to believe the allegation that the hospital had practiced discrimination because of disability, but not as to age discrimination. Shortly thereafter, and despite a request for reconsideration by the hospital, the regional director issued a "Determination After Investigation” which incorporated these findings. However, a notice of hearing was not issued.
 

 
 *117
 
 In accordance with routine procedure, the regional director forwarded complainant’s file to the Case Review Unit of the Division of Human Rights. The unit recommended that the commissioner reopen the finding of probable cause on the disability discrimination claim. On his own motion, the commissioner vacated the probable cause finding on the ground of insufficient evidence, and directed that the proceeding be reopened for further investigation by the regional director. After additional review, the regional director issued a “Determination and Order After Reopening”, in which it was stated that there was no probable cause to believe the hospital engaged in unlawful discrimination.
 

 Complainant in turn appealed to the Human Rights Appeal Board, which found that the commissioner’s reopening of the proceeding violated section 297 of the Executive Law (subd 4, par a). According to the board, once a regional director issues a determination of probable cause, section 297 requires that the matter proceed to a public hearing. Thus, the board annulled the order of the division made after the reopening, and remanded for a public hearing. The Appellate Division unanimously affirmed the board’s ruling.
 

 The Division of Human Rights, created by section 293 of the Executive Law has been charged with the duty of enforcing and implementing the provisions of the Human Rights Law (Executive Law, §§ 294, 296, 297). Among its various powers, the division, acting by and through the commissioner or his or her representative, is authorized ”[t]o receive, investigate and pass upon complaints alleging violations” of the Human Rights Law (Executive Law, § 295, subd 6, par [a]). To carry out its functions, the division may "appoint such officers, attorneys, clerks and other employees and agents * * * as it may deem necessary”
 
 (id.,
 
 § 295, subd 3). Finally, the agency “shall establish rules of practice to govern, expedite and effectuate” the procedures of the law
 
 (id.,
 
 § 297, subd 4, par d).
 

 Pursuant to its authority, the division created the position of regional director and delegated to those so designated the power to conduct probable cause investigations (9 NYCRR 465.1 [e]; 465.6 [a]). But the division also promulgated a regulation reserving to the commissioner the ultimate power to decide whether a matter should proceed to a hearing: "The commissioner * * * may, on his or her own motion or on application of a party, whenever justice so requires, prior to the issuance of a notice of hearing, reopen a proceeding and
 
 *118
 
 take such action as may be deemed necessary” (9 NYCRR 465.18 [a]). It is this regulation upon which the commissioner relied. Of course, if it contravenes the will of the Legislature, as expressed in the statute, the regulation must fall. Administrative agencies " 'have no authority to create a rule out of harmony with the statute’ ”
 
 (Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.,
 
 45 NY2d 471, 480-481, quoting
 
 Matter of Jones v Berman,
 
 37 NY2d 42, 53).
 

 Both the appeal board and the Appellate Division held that the regulation conflicts with section 297 (subd 4, par a) of the Executive Law which at the time provided in pertinent part:
 
 *
 
 "Within sixty days after a complaint is filed * * * unless the division has dismissed the complaint or issued an order stating the terms of a conciliation agreement not objected to by the complainant, the division shall cause to be issued and served a written notice” requiring the respondent to answer the complaint at a public hearing. In effect, the statute requires that a complaint be brought to the hearing stage within a designated time, unless dismissed or conciliated. The time periods are directory only and, "Absent some showing of substantial prejudice, noncompliance” does not oust the division of jurisdiction
 
 (Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,
 
 35 NY2d 371, 381).
 

 Although section 297 (subd 4, par a) specifies that a public hearing be held unless the complaint is dismissed or conciliated, nowhere does it prescribe which official of the agency is to determine whether the dismissal is in order. And surely the division possesses power to dismiss unfounded complaints, and need not conduct the empty ritual of a formal hearing where it is not warranted (Executive Law, § 297, subd 2). That being so, it was proper for the division to establish the procedure for probable cause determinations, and to designate the official to make such a finding. The regulation at issue represents one portion of that procedural scheme.
 

 The agency created the office of regional director, who is responsible for evaluating probable cause in the first instance. It authorized the commissioner, who is the head of the division, to review the regional director’s findings prior to the issuance of a hearing notice and to take such action as he or she deems necessary. These regulations, rather than conflict
 
 *119
 
 ing with the statute, merely fill in interstices in the regulatory scheme. Simply stated, because section 297 (subd 4, par a) only requires that a hearing be held if the complaint is not dismissed, and does not prescribe a dismissal procedure, a regulation which empowers the commissioner to review the dismissal process cannot conflict with the statute. It is interesting to note that a contrary view would deny the division authority to qualify the power conferred upon regional directors, officers created and appointed by the division.
 

 Thus, there was no infirmity in the order of the commissioner which reopened the proceeding and directed further investigation. It was error for the appeal board to annul that order.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, the order of the appeal board annulled, and the order of the Human Rights Division reinstated.
 

 Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order reversed, etc.
 

 *
 

 The statute was subsequently amended in certain respects (L 1977, ch 729, § 2).