OPINION OF THE COURT
Eugene W. Bergin, J.
The plaintiffs who are police officers of the City of Rochester, have brought the action seeking a declaratory judgment and ask in their complaint that section 128 of the Alcoholic Beverage Control Law and section 100.1 of the New York State Liquor Authority Regulations (9 NYCRR) be declared unconstitutional and void. They further seek in their complaint a judgment permanently enjoining the City of Rochester from enforcing the regulation and the statute.
The matter comes before this court by order to show cause directed against the City of Rochester in which the *449 plaintiffs seek a preliminary injunction enjoining the City of Rochester from enforcing the statute and regulation during the pendency of the main action. The issue of a preliminary injunction was argued at Special Term by the plaintiffs and City of Rochester. The court has allowed the Attorney-General on behalf of the New York State Liquor Authority pursuant to CPLR 1013 to intervene.
BACKGROUND
For many years, police officers employed by the City of Rochester, and most other municipalities around the State, have supplemented their income through part-time work with various private employers. To this day, police officers employed by the City of Rochester, and other municipalities in this county, work as security guards at various sporting and musical events at the Rochester War Memorial, Silver Stadium, Holleder Stadium, and other public events where alcoholic beverages are sold pursuant to a State liquor license. Because the officers often perform such work in their police uniforms, the general public is invariably unaware that the officers are technically off-duty. As part of their general duties, the officers are often required to insure that the laws of this State, including the Alcoholic Beverage Control Law, are followed.
Numerous other police officers are employed part time on the security staff of local hotels, department stores and restaurants. With few exceptions, all of these establishments are licensed to sell alcoholic beverages.
In late April, 1984, the City of Rochester’s Chief of Police issued a directive prohibiting off-duty police officers from working at any establishment licensed to sell alcohol for on-premises consumption. This action by the City Police Department is believed to have been taken in response to an investigation by the Alcoholic Beverage Control Commission (ABC). The ABC was apparently acting, in turn, on an anonymous complaint concerning employment of off-duty officers on licensed premises.
Pursuant to section 208-d of the General Municipal Law extra work by members of a police force must be approved by the Chief of Police. Chief Delmar E. Leach in his affidavit states that since he has been a member of the *450 Police Department in 1953 approval has been granted to police officers to work off-duty security services at private premises, including the War Memorial, Holleder Stadium, and Silver Stadium where on-premises consumption of alcohol is allowed by law.
The off-duty police officers have not only provided extra income for themselves by working on these private premises but they come to their security positions with their unique background and training that provides a public good.
LAWS AND REGULATIONS INVOLVED
1. Section 128 of the Alcoholic Beverage Control Law.
“Certain officials not to be interested in manufacture or sale of alcoholic beverages
“1. Except as otherwise provided in section one hundred twenty-eight-a, it shall be unlawful for any police commissioner, police inspector, captain, sergeant, roundsman, patrolman or other police official or subordinate of any police department in the state, to be either directly or indirectly interested in the manufacture or sale of alcoholic beverages or to offer for sale, or recommend to any licensee any alcoholic beverages. The solicitation or recommendation made to any licensee, to purchase any alcoholic beverages by any police official or subordinate as hereinabove described, shall be presumptive evidence of the interest of such official or subordinate in the manufacture or sale of alcoholic beverages.”
2. Section 128-a of the Alcoholic Beverage Control. Law.
“Police officers allowed to work in licensed premises in certain cases
“Notwithstanding any inconsistent provision of law to the contrary, the authority shall promulgate such rules and regulations as may be necessary to provide that it shall not be unlawful for a police officer employed in this state, having written permission and consent from his commanding officer, to work in a premises licensed to sell beer at retail for off-premises consumption under section fifty-four of this chapter.”
3. Section 100.1 of the New York State Liquor Authority Regulations (9 NYCRR 100.1).
*451 “Employment of police officers in licensed premises.
“(a) A police officer employed in this State, having written permission and consent from his commanding officer, may work in a premises solely licensed to sell beer at retail for off-premises consumption under section 54 of the Alcoholic Beverage Control Law.
“(b) A copy of such written consent shall be kept on the licensed premises throughout the period of employment of such police officer in such licensed premises.
“(c) Except as provided in this Part, no police officer employed in this State shall be employed by, or work in, any premises licensed to sell alcoholic beverages.”
The City of Rochester, based upon an interpretation of 9 NYCRR 100.1 (c) by the ABC, has recently determined that employment of off-duty police officers as security guards at places where liquor is sold for on-premises consumption violates section 128 of the Alcoholic Beverage Control Law (which is nearly 50 years old), as well as a Liquor Authority regulation that became effective in 1978 (9 NYCRR 100. 1 [c]). The city has informed the plaintiffs, and others similarly situated, that part-time employment in any capacity, and in any place that sells alcohol for on-premises consumption, will be strictly prohibited after June 1,1984. This blanket prohibition, which appears to be mandated by the regulation, goes far beyond the original intent of the statute (Alcoholic Beverage Control Law, § 128).
Nothing in section 128 of the Alcoholic Beverage Control Law prohibits the employment of off-duty police officers merely as guards or security personnel at the many local establishments licensed to sell alcohol. Section 128 merely prohibits police officers from being “directly or indirectly interested” in the manufacture or sale of alcoholic beverages. Its original intent was to prevent police officers from owning bars or establishments that serve liquor, or working in these places as one who actually dispenses liquor.
An administrative agency cannot create a rule which is inconsistent with a statute. (State Div. of Human Rights v Genesee Hosp., 50 NY2d 113; Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d 471.) Yet this is precisely what has been done.
*452 The original intent of section 128 was to prohibit police officers from owning a bar, or working during off-duty hours as a bartender or bouncer. But the regulation has gone beyond the statute creating a blanket prohibition, preventing the employment of off-duty officers in any capacity at any place licensed to sell alcoholic beverages other than beer, or licensed to sell beer for on-premises consumption.
The regulation produces results that were not contemplated by the Legislature when section 128 was passed. Section 128 simply prohibits police officers from being either “directly or indirectly interested in the manufacture or sale of alcoholic beverages or to offer for sale, or recommend to any licensee any alcoholic beverages.” When employed as uniformed guards at sporting and music events, as department store security personnel, and in countless other situations, the officers have no real direct or indirect interest in the sale of alcoholic beverages, and it would be ludicrous to argue that section 128 was passed to prohibit this type of off-duty employment. This conclusion is compelled not only by common sense, but also by the Legislature’s failure to include a blanket prohibition on all such employment at the time the statute was passed. In other words, if the Legislature intended a wholesale prohibition on this type óf activity, it could easily have so stated in the statute itself.
Because it prohibits employment of off-duty police officers in situations where the officer has no direct or indirect interest in the sale of alcoholic beverages, 9 NYCRR 100.1 goes beyond the legislative mandate of sections 128 and 128-a of the Alcoholic Beverage Control Law. Section 128-a directed the Liquor Authority to promulgate regulations, as may be necessary, to make it lawful for a police officer to obtain permission to work in premises licensed to sell beer at retail for off-premises consumption, and nothing more. This modification was necessary to allow officers to work as cashiers in the supermarkets and smaller establishments covered by the statute, because an officer so employed would actually be selling, and possibly recommending, brands of beer to store customers. Neither section 128-a nor section 128 empowered the Liquor Authority to enact a *453 blanket prohibition covering every conceivable type of tangential employment on a licensed premises, because that prohibition produces absurd results and unnecessary restrictions.
The promulgation of subdivision (c) of the regulation appears to be arbitrary and in excess of statutory authority. (See State Div. of Human Rights v Genesee Hosp., 50 NY2d 113, supra; Matter of Rosica v State Liq. Auth., 69 AD2d 1015.) Similarly, the action taken by the City of Rochester, pursuant to the regulation, to prohibit off-duty officers from working as security guards at the War Memorial, Silver and Holleder Stadiums, and other places, appears to be based on an invalid agency regulation. The city’s action must therefore be enjoined. The likelihood of the success of the plaintiffs on the merits of their case is of high probability and the irreparable injury that may be done to the public by enforcement of this regulation is clear.
PUBLIC POLICY
Prohibiting police officers from working in any establishment that happens to sell alcoholic beverages, when the officers have no real interest in the sale of those beverages, endangers an important and overriding interest — public safety. At present, off-duty police officers work as security guards in and around public facilities such as the War Memorial, Silver Stadium and Holleder Stadium, which seat thousands of people. Off-duty officers also provide security at many local public events, such as the Lilac Festival, the Tall Ships, the Oktoberfest, various concerts, hockey games, baseball games, many of the events which take place at the Festival Tent, as well as many local ethnic celebrations. At virtually all of these events alcoholic beverages are dispensed. The need for adequate crowd control, and public safety, at all of these locations and events is manifest.
There is no more well-equipped, or better trained, group for this purpose than uniformed police officers. The training these individuals receive in crowd control, the use (and nonuse) of firearms and force, safety techniques, understanding and enforcing the laws, etc., is consistent and effective. An employer of off-duty officers knows that each *454 officer has received 13 weeks of intensive training in all aspects of law enforcement before he goes out on the street. An employer also knows that each of these officers, in addition to possessing seasoning and experience represents, tangibly and visibly, genuine authority.
The Sheriff of Monroe County in a letter submitted with the papers upon this application states that “since experienced police officers and deputies have worked in these facilities the safety and security of the public has been dramatically improved.”
It is also apparent from the oral argument that this ABC regulation is not being applied in any other city in this State. To apply it solely in the City of Rochester would not only be unfair to the residents of this community during the coming summer months but it would be a nonuniform approach to a questionable agency regulation. The plaintiffs may thus be denied the equal protection of the laws by this selective enforcement (Matter of 33 West 42nd St. Corp. v Klein, 46 NY2d 686).
Accordingly, the request of the plaintiffs for a preliminary injunction is hereby granted and the Chief of Police of the City of Rochester is enjoined from prohibiting the plaintiffs and those similarly situated from pursuing off-duty employment at public or private facilities or establishments that serve or dispense alcoholic beverages for on-premises consumption. Nothing contained in this order however will allow a police officer to be employed as a bartender, waiter or bouncer on premises selling alcoholic beverages.