OPINION OF THE COURT
Angelo J. Ingrassia, J.
In this action the plaintiff (Dana), a "distributor” of beverages, seeks declaratory and injunctive relief with respect to certain provisions of the New York State Returnable Container Act (the Act) (ECL, art 27, tit 10) and the regulations (6 NYCRR part 367) of the Commissioner of Environmental Conservation (Commissioner) promulgated thereunder. As pertinent, the Act requires a distributor to accept and pay the refund value, for any empty container of a brand and type sold by it and, in addition, to reimburse any "dealer” or "redemption center”, as part of its agreement with such *1072 dealer or redemption center, 1.5 cents for each container so accepted (ECL 27-1007). Section 367.6 of the rules promulgated by the Commissioner requires that a distributor must pay a handling fee notwithstanding that it may not have originally sold the container and notwithstanding that it may not have an express agreement with the dealer or redemption center.
The issues as framed in the complaint are narrow. Dana seeks relief on the grounds (1) that "the regulations are legislative in character in that they impose obligations upon Dana which are not imposed by the Act, requiring Dana to pay handling fees to dealers or redemption centers with which [it] does not have agreements” and (2) the Act and regulations are unconstitutional in that they are "arbitrary and capricious” and "fail to effectuate a legitimate governmental purpose, insofar as Dana is required to accept empties * * * even though it did not initiate the deposit on such containers and there is no method provided for Dana to recover payment on all such containers”.
With respect to the regulations promulgated by the Commissioner, the court finds that they are neither unauthorized nor in conflict with the terms of the Act. Section 27-1013 of the Act expressly authorizes the Commissioner to promulgate rules and regulations governing the circumstances in which distributors may be required to accept the return of empty containers, including the imposition of "handling fees”. While the Act specifically provides for a fee of 1.5 cents for each container received from a redemption centers with which the distributor has an agreement (ECL 27-1007 [3]), there is nothing in the Act to restrict the Commissioner’s power to impose a similar fee in those instances where there is no agreement between the distributor and the redemption center. Such a circumstance would appear to be one of the "interstices” properly addressed by rule-making authority (see, State Div. of Human Rights v Genesee Hosp., 50 NY2d 113, 119). Given that the Act requires distributors to accept returns from redemption center with which they have agreements as well as from those with which they have no agreements, there appears to be no valid reason to require handling fees in one instance and none in the other. The Commissioner’s rule addressing this discrepancy gives rise to no "conflict” with any term of the Act, and given the guidelines in the Act itself, cannot be considered an improper delegation of legislative power (see, Matter of City of Utica v Water Pollution Control Bd., 5 NY2d 164; see also, Matter of Levine v Whalen, 39 NY2d 510).
*1073 The court also finds that the requirement that Dana accept empty containers for which it did not initiate the deposit is not unconstitutional as "arbitrary and capricious”. In this regard Dana bears the burden of overcoming an "exceedingly strong” presumption of constitutionality by proof " 'beyond a rational doubt’ ” (Federal Hous. Admin. v The Darlington, 358 US 84, 91; Matter of Malpica-Orsini, 36 NY2d 568, 570). It is Dana’s position that it is being denied due process in that it has no remedy for recovering payments it may make for deposits which it did not initiate. The Act, however, expressly provides for a remedy in such a situation. Section 27-1007 (4) imposes the obligation on any distributor who initiates a deposit to "reimburse any other distributor who redeems such container for the deposit and handling fee paid by the redeeming distributor.” It further provides: "[A] distributor shall have a civil right of action to enforce this subdivision, including upon three days notice, the right to apply for temporary and preliminary injunctive relief against continuing violations and until arrangements for collection and return of empty containers or reimbursement of the redeeming distributor for such deposits and handling fees are made.”
In its brief in opposition to this motion Dana argues that any civil remedy would not be completely effective because a party would not be able to identify which specific containers were sold by which distributor. Even assuming, however, that Dana had no totally adequate remedy in this regard, it does not follow that the challenged provisions are unconstitutional. Initially, it must be noted that if the distributor is unable to identify the wholesale source of the container being returned, then neither could the redemption center or anyone else in the chain of the return. The reasonableness of the statutory scheme must be measured against this inherent difficulty. Also, the claimed impact upon the plaintiff must be measured against the concededly legitimate public interest in solid waste management and natural resource recovery. In this latter regard it is most significant that Dana does not divulge the extent of any claimed impact. It admits that it receives a 5-cent deposit for each container it sells. Even assuming that it pays out 6.5 cents for each container which is returned to it, there is no way of gauging the extent of an adverse impact, if any, without Dana’s disclosure of the applicable figures. It may well be that the legislation in question has had no adverse effect upon Dana’s financial situation.
Again, assuming that Dana has been adversely effected by *1074 the Act and that it has no completely adequate civil remedy, this does not mean that there is a constitutional infirmity in the Act. In recognizing an overriding value to the public interest, the Supreme Court of the United States has said: "[M]any forms of regulation reduce the net return of the enterprise; yet that gives rise to no constitutional infirmity. * * * Most regulations of business necessarily impose financial burdens on the enterprise for which no compensation is paid. Those are part of the costs of our civilization.” (Day-Brite Light. v Missouri, 342 US 421, 424.) The mere fact that regulatory legislation imposes a heavy, or even unequal, financial burden upon those who must comply is not a sufficient basis for judicial relief (see, Oriental Blvd. Co. v Heller, 27 NY2d 212, appeal dismissed 401 US 986; Bowles v Willingham, 321 US 503). In Mid-State Distrib. Co. v City of Columbia (617 SW2d 419 [Mo Ct App 1981]), a case involving a Missouri container bill similar to ours, the court noted that given the legitimate purpose of the Act, any argument based upon the "cost of compliance” simply did not warrant a due process analysis.
The plaintiff has submitted a copy of an order of the Supreme Court, New York County (Oak Beverages v Department of Envtl. Conservation, index No. 43632/87), which apparently involved a similar action as this and a similar motion. There, the court (Stecher, J.) denied summary relief on the grounds that there were questions of fact presented and that the defendant had not adequately addressed the issues. Since this court has neither the pleadings nor the motion papers in that case, the order therein is of little precedential value. In any event, however, the court is of the opinion that the issues presented on the instant motion are issues of law. And, for the reasons stated above, the issues are resolved in the defendant’s favor. Specifically, the court finds (1) that the Commissioner’s regulation requiring distributors to pay handling fees to dealers and redemption centers with which they do not have express agreements is a proper exercise of the Commissioner’s rule-making authority and (2) that the requirements that distributors accept empty containers of every kind sold by them even though they did not receive the initial deposit are not arbitrary and capricious and violate no right of the plaintiff to due process of law.