■ In the Matter of JOSE BERDECIA et al., Appellants, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Judgment, Supreme Court, New York County (Beverly S. Cohen, J.), entered March 11, 1992, which dismissed petitioners' applications pursuant to CPLR article 78 to annul respondents' determinations denying them burial benefits, unanimously affirmed, without costs.

As the City was specifically authorized by Social Services Law § 141 to set a discretionary limit on burial expenses, in excess of which the payor would not receive any reimbursement, the courts may not substitute judicial oversight for the discretionary management of the public's business by the relevant public official *(see, Jiggetts v Grinker,* 75 NY2d 411). The policy in question applies equally to all potentially eligible recipients of a burial allowance, and is rationally related to the legitimate governmental objectives embodied in Social Services Law § 141, i.e., ensuring a dignified burial as well as optimum use of limited appropriated funds by denying subsidization of burial expenses deemed by the City (which would be responsible for burying indigent residents in the event no friend or relative was willing to assume the responsibility) to exceed the necessities of dignity *(see, Matter of Bernstein v Toia,* 43 NY2d 437, 448). Thus, the final determination herein, after fair hearing, denying each appellant a burial allowance because burial expenses paid exceeded the discretionary limit authorized by statute, is neither arbitrary, nor a denial of equal protection guarantees *(supra).*

Additionally, the City's service of notice of the subject regulation promulgated by express authority of Social Services Law § 141, through publication in the City Record *(constituting,* under then extant section 1105 [b] of the New York City Charter, *complete legal notice),* as well as mass mailings to funeral directors throughout New York City and to all recipients of public assistance, was reasonable, and calculated to

reach potentially interested parties, thereby satisfying any and all due process rights *(see, Mullane v Central Hanover Trust Co.,* 339 US 306, 315; *Grueschow v Harris,* 633 F2d 1264, 1267). Concur—Sullivan, J. P., Milonas, Wallach, Ross and Asch, JJ.