OPINION OF THE COURT
Herbert Kramer, J.
Is a "Statute of Limitations” solely imposed by agency regulations, beyond the authority of the agency?
*884 Social Services Law § 141 and NYCRR thereunder provide for a governmental limited reimbursement of an indigent person’s burial expenses.[1] Neither contains a time limit for filing for the burial benefit.
The petitioner, in a proceeding brought under CPLR articles 78 and 30, seeks reimbursement for her deceased mother-in-law's funeral. Her mother-in-law died on March 1, 1992. Petitioner applied for the grant on June 9, 1992, 100 days after death. Respondent, New York State Department of Social Services (DSS), in a decision dated December 11, 1992 (after fair hearing), had denied petitioner's request for payment of a burial allowance on the ground that her application for said allowance was not timely filed within the 60-day period provided by the Rules of the City of New York (RCNY).[2]
The rule further requires that application be made by a relative by personal appearance within the requisite period, at New York City Central Resource Unit.[3] All required documentation must be submitted within 60 days of application, thereby granting applicants 120 days to perfect said application. A written request for extension may be made within each 60-day period and may be granted at the discretion of the Central Resource Unit.
The record before this court is silent as to whether the father-in-law (the relative responsible for payment of the *885 funeral expenses), during his lifetime, was incapable of filing the application in a timely manner.
DISCUSSION
Neither Social Services Law § 141 nor 18 NYCRR 352.7 (n) provide for a 60-day Statute of Limitations or other time limit as a prerequisite for eligibility for a burial grant from the local agency.
Every agency of the State created by the Legislature is invested with broad powers and is expressly authorized by statute to promulgate rules and regulations as it may find necessary (Executive Law § 102).
However, it is undisputed that: "an administrative agency may not promulgate a regulation that adds a requirement that does not exist under the statute. As we have only recently reiterated ' " '[administrative agencies can only promulgate rules to further the implementation of the law as it exists; they have no authority to create a rule out of harmony with the statute’ ” ’ (Matter of McNulty v State Tax Comm., 70 NY2d 788, 791, quoting Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d 471, 480)” (Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204).
Further, administrative agencies may exercise powers "required by necessary implication” although not "expressly delegated by the Legislature” (Matter of Beer Garden v New York State Liq. Auth., 79 NY2d 266, 276; Matter of Nicholas v Kahn, 47 NY2d 24, 31).
In Matter of Jones v Berman (37 NY2d 42 [1975]) the Court of Appeals stated that the regulation that denied a public assistance grant replacement of benefits which were stolen, without regard to petitioner’s need, was arbitrary and capricious and did not exist in the statute.
In the case at bar, the court holds that there is no judicial authority or precedent which authorizes the administrative agency to create a "Statute of Limitations” by regulation when the enabling statute does not authorize one. By adding a strict "Statute of Limitations”, the administrative agency added a requirement not found in the law and is in contravention of the statute as well as the spirit and purpose of the law and therefore this court finds that the regulation as it exists is invalid.
The court further holds that the legislative intent could not *886 have been to exclude a recipient from receiving this grant merely because the claim was submitted 100 days as opposed to 60 days after death. The economic and humanitarian objective of the act must be construed so as to allow for this recovery. In fact, the Central Resource Unit has the discretion to extend the 60-day periods upon written request; thus the legislative policy was to be an inclusive one as opposed to a limiting one.
Although the "Statute of Limitations” is procedural in nature, it has the substantive ramification of denying benefits to those otherwise eligible and thus must be statutorily mandated. Administrative agencies have the authority to promulgate rules and regulations to administer the procedural aspects of the agency. They have no authority to create a rule which is out of harmony with the spirit and letter of the statute, as the "Statute of Limitations” clearly is in this case (Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d 471 [1978], supra).[4]
Respondents cite to Withey v Perales (920 F2d 156 [2d Cir 1990]). That case concerned a conflict between a Federal statute and a State regulation governing Aid to Families with Dependent Children (AFDC). In that case, plaintiffs attempted to contest underpayments in their AFDC grants, by requesting a hearing later than 60 days after the action. Plaintiffs argued that the 60-day limitations period in the State regulation was invalid because it conflicted with the Federal statute. The Federal statute required that the local agency take all necessary steps to correct underpayments, therefore the 60-day limitation is contrary thereto. The Federal statute that required State agencies administering the AFDC program to promptly take all necessary steps to correct any underpayment did not preclude New York law imposing a limitation period on recipient’s claims for underpayments. The question *887 presented to the Withey court was whether the Federal regulation and a companion New York State statute, which together impose a limitations period on claims, violates a Federal statute that requires the agency to take all necessary steps to correct any underpayment.
In the case at bar, the statute is silent as to the time limit for applying for a burial grant and the petitioner herein maintains that respondent could not set a "Statute of Limitations” where the statute does not so authorize.
In the case of Amberg v Federal Deposit Ins. Corp. (934 F2d 681), the Court of Appeals held that the FDIC ruling that precluded bank directors from challenging an assessment of penalties due to failure to timely file an answer was an abuse of discretion; since a timely request for a hearing was made, the FDIC may not impose a jurisdictional default upon parties who fail to timely file an answer where the answer was not required by statute. Nowhere in the FDIC’s enabling legislation is there a requirement that an answer must be filed. The right to a hearing and a judicial review is granted by the statute. The court, in Amberg, stated that the agency is free to establish procedural rules but it may not undermine a congressional mandate with its own regulations.
It is a "well established rule which limits the powers of an administrative agency to those expressly conferred by the enabling act or those necessarily implied therein” (Matter of Summerson v Barber, 93 AD2d 652, 654; see also, Matter of City of New York v State of N. Y. Commn. on Cable Tel., 47 NY2d 89 [1979]). Agency-promulgated rules and regulations can only implement the law in a manner consistent with the statute (State Div. of Human Rights v Genesee Hosp., 50 NY2d 113 [1980]). An administrative agency may not by its rules expand the grant of authority from the Legislature (Freitas v Geddes Sav. & Loan Assn., 63 NY2d 254 [1984]; see also, Gardner v Ewing, 88 F Supp 315 [SD Ohio 1950]).
The court finds that the DSS’s policy of denying burial grants to otherwise eligible applicants whose applications exceed the 60-day time limit is arbitrary, capricious, an abuse of discretion and unauthorized by law.
The court hereby directs and declares that the Human Resources Administration is to provide petitioner forthwith with a burial grant in the amount of $900 for payment of her mother-in-law’s funeral expenses.
Alternatively, had the court not so ruled, this court would *888 remand the matter back to the administrative agency to make a finding as to whether the individual responsible for the payment of the burial expenses was capable of filing for the grant. If the relative responsible for filing for the grant was incapable of timely filing for the grant by personal appearance, this court would have held that it was an abuse of discretion not to extend the time as indicated above.
Petitioner’s motion is hereby granted as stated above.

. "§ 141. Burial of the dead * * *
"3. (a) When burial arrangements for a recipient of public assistance or care are made by relatives * * * of the deceased and the expense of such burial does not exceed the amount fixed by the appropriate public welfare official or the local appropriating body for similar burials in similar circumstances, such public welfare official may [repay the relative up to the limit set by the City for reimbursement for burial expenses].”
18 NYCRR 352.7 (n) titled "Burials” reads: "Allowances shall be made for burial of applicants for and recipients of public assistance in accordance with section 141 of the Social Services Law.”

. 68 RCNY 2-03: "§ 2-03 Application for Financial Assistance for Burial Expenses, (a) An application shall be submitted to the Agency within sixty days of the date of death by the relative or friend of the deceased or an authorized representative” (emphasis supplied).

. A "relative” as applied to Social Services Law § 141 is the party who had a legal duty to pay for the funeral expenses. Petitioner’s moving papers indicate that the "relative” possessed with the duty to provide for the burial of petitioner’s mother-in-law was petitioner’s father-in-law, who was ill during the 60-day period and was apparently unable to make a personal appearance due to his failing health.

. Petitioner further maintains that it is an equal protection violation for applicant’s entitlements to depend on what locality within New York State the deceased actually died.
Counsel for petitioner surveyed the local social services districts in New York State, except for New York City, and found a myriad of responses regarding their burial grant policies. Some localities have no deadlines while others have deadlines of "reasonable time,” "one year,” "within 30 days of death,” "48 hours” and "approval prior to burial required.”
It seems that discretion remained with the local social services district and that no overriding purpose exists to set short time limits for application for burial grants. This court, however, does not reach this equal protection issue because it is not necessary to the just resolution of this case.