■ In the Matter of JUNE DIAZ, Appellant, v MICHAEL J. DOWLING, as Commissioner of the New York State Department of Social Services, et al., Respondents. [629 NYS2d 466] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Commissioner of Social Services which, after a fair hearing, affirmed the denial by the respondent Commissioner of the New York City Department of Social Services of the petitioner's request for reimbursement of burial expenses, the petitioner appeals from a judgment of the Supreme Court, Kings County (Garry, J.), dated September 20, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner's contention that her due process rights were violated because she was not given sufficient notice of the respondent New York State Commissioner of Social Service's burial assistance program for recipients of public assistance lacks merit. Complete legal notice of the program, pursuant to New York City Charter former § 1105 (b), was provided by publication of the proposed regulations in the City Record on June 15, 1988, and of the final regulations on July 27, 1989 *(see, Matter of Berdecia v Perales,* 188 AD2d 311, 312). Moreover, when, as here, beneficiaries of a program are unknown at the time of its inception (the deceased, as well as the petitioner, did not become recipients of public assistance until 1991), "employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights" *(Mullane v Central Hanover Bank & Trust Co.,* 339 US 306, 316; *Grueschow v Harris,* 633 F2d 1264). Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.