■ In the Matter of BRANA MAYER, Respondent, v GREGORY KALADJIAN, Respondent, and BARBARA SABOL, as Administrator of the New York City Human Resources Administration, Appellant. [645 NYS2d 83] —In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the appellant, the Administrator of the New York City Human Resources Administration, and an action, *inter alia,* for a judgment declaring that a 60-day limitation period for submission of claims for burial expenses is illegal, the appeal is from a judgment of the Supreme Court, Kings County (Kramer, J.), dated June 28, 1994, which granted the petition, declared, *inter alia,* that the appellant's policy of denying burial grants to otherwise eligible applicants whose applications are submitted after 60 days of death is arbitrary and capricious, and directed the appellant to provide the petitioner with a burial grant in the amount of $900 for payment of her mother-in-law's funeral expenses.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, the proceeding is dismissed, and it is declared that the appellant's policy, as set forth in 68 RCNY § 2-03 (c), of denying burial grants to otherwise eligible applicants whose applications are submitted after 60 days of death is not arbitrary or capricious.

The rules of the appellant, the Administrator of the New York City Human Resources Administration, require that an application for reimbursement for burial expenses be made within 60 days of the death of a recipient of public assistance (*see,* 68 RCNY § 2-03 [c]). The Supreme Court found, *inter alia,* that the agency's imposition of the limitation period in question was not authorized by the enabling act (*see,* Social Services Law § 141). We disagree. The enabling act vests broad discretion with the local public welfare administrator to "fill in

[the] interstices in the regulatory scheme" (*State Div. of Human Rights v Genesee Hosp.,* 50 NY2d 113, 119; *see also, Matter of Mendelsohn v Toia,* 46 NY2d 823). The time limitation in question is a reasonable procedural rule which is rationally related to the legitimate governmental objectives embodied in the Social Services Law while not unreasonably affecting any substantive entitlement (*see, Matter of Berdecia v Perales,* 188 AD2d 311; *see also, Withey v Perales,* 920 F2d 156; *cf., Matter of Jones v Berman,* 37 NY2d 42). Miller, J. P., Pizzuto, Santucci and Hart, JJ., concur. [*See,* 161 Misc 2d 883.]