■ In the Matter of MARIA SIEROTOWICZ, Respondent, v NEW YORK CITY HUMAN RESOURCES ADMINISTRATION et al., Appellants. [903 NYS2d 245]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Temporary and Disability Assistance dated September 18, 2008, made after a fair hearing, which sustained a determination of the New York City Human Resources Administration, dated August 7, 2008, denying the petitioner's application for burial allowance benefits, the appeal is from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), dated April 29, 2009, which granted the petition and vacated the determination.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

Contrary to the petitioner's contention, the respondents' determination denying her a burial allowance benefit is supported by substantial evidence. Pursuant to the applicable statutory and regulatory framework, burial allowance benefits are unavailable if the cost of the total burial expenses, excluding cemetery fees, exceeds $1,700 (*see* Social Services Law § 141 [3]; 68 RCNY 2-04 [a]). The hearing evidence demonstrated, and the petitioner does not dispute, that the cost of the funeral arranged by the petitioner, excluding cemetery fees, was $3,730. Accordingly, the petitioner was ineligible for a burial allowance benefit, and the Supreme Court was without authority to vary the eligibility requirements based upon its own sense of what was "fair" (*see Matter of Mendelsohn v Toia,* 46 NY2d 823, 824-825 [1978];

*Matter of Berdecia v Perales*, 188 AD2d 311 [1992]; *Matter of Basof v Perales*, 169 AD2d 565 [1991]; *Matter of Rivera v Toia*, 64 AD2d 840 [1978]).

To the extent that the petitioner contends that the regulatory scheme for awarding burial allowance benefits is arbitrary and capricious, irrational, or discriminatory, the contentions are patently without merit (*see Matter of Berdecia v Perales*, 188 AD2d 311 [1992]). Rivera, J.P., Balkin, Austin and Roman, JJ., concur.