█ In the Matter of STANLEY KRITZIK et al., Petitioners, v. NORMAN F. GALLMAN et al., Constituting the State Tax Commission, Respondents.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained the disallowance of claimed losses of taxpayers' distributive share of partnership losses. Petitioners, husband and wife, lived in New York State until July 27, 1967, at which time they moved to Connecticut and thereafter on November 15, 1967 to Wisconsin. They filed a New York State resident return for the period of January 1, 1967 through July 27, 1967 and a nonresident return for July 27, 1967 through December 31, 1967. From income derived during the resident period, they deducted a sum representing seven-twelfths of petitioner husband's distributive share of the losses of five partnerships of which he was a partner. None of the partnerships did business in New York State and all had taxable years ending on December 31, 1967. Respondent has disallowed the deduction for these partnership losses on the basis of section 148.6 of the New York State Income Tax Regulation (20 NYCRR 148.6), holding that since the tax year of the five partnerships ended on December 31, 1967, the losses therefrom could not be used against resident income. Initially, we find no merit to the contention that petitioners were residents for the entire year of 1967 based on section 605 (subd. [a], par. [2]) of the Tax Law. Section 654 of such law is clearly applicable where, as here, there is a change of status during the tax year from resident to nonresident. When petitioners moved to Connecticut in July, they no longer maintained a permanent place of abode in New York. They could not, therefore, meet the statutory requirements for residents. (Tax Law, § 605, subd. [a], par. [2].) Petitioners further contend that, pursuant to section 654 of the Tax Law, they should be allowed to prorate the partnership losses between the resident and nonresident periods for the year 1967, and tax regulation section 148.6 is, therefore, in contravention of the statutory intention of section 654. With this contention we do not agree. The tax regulation provides that, when a partner changes his status from resident to nonresident, his distributive share of partnership income or loss is includable in the computation of his taxable income for that portion of his taxable year in which the taxable year of the partnership ends. Pursuant to section 654 where there is such a change of status from

resident to nonresident, all items of income, gain, loss or deduction accruing prior to the change of status accrue for that portion of the taxable year prior to such change of status. A partnership gain, or loss, however, accrues when it is realized at the end of a partnership's fiscal year. (Tax Law, § 364; U. S. Code, tit. 26, § 706.) At the time the losses from the partnership were realized, petitioners were nonresidents. There is no statutory basis for allowing a deduction for such partnership losses against income derived during petitioners' resident period since they had not accrued until December 31, 1967. Furthermore, since a nonresident may be taxed only on income from New York sources (Tax Law, § 631), the deductions taken by a nonresident are limited to those incurred in New York. The partnerships did no business in New York and petitioner husband's distributive share of partnership losses thus was not deductible against the New York income derived during petitioners' nonresident period. Under the circumstances, no proration of the partnership losses between the resident and nonresident periods of the taxable year was permissible. We find no inconsistency between the regulation and the statute. Nor do we find an arbitrary or discriminatory classification between residents and residents who change their status during the taxable year to nonresidents. The statute and tax regulation apply equally to all partnerships and partners. The recognition of gains or losses when they actually accrue, whether to a resident or nonresident, is not unequal or discriminatory treatment. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.