■ CARLOS A. ARREDONDO et al., Appellants, v STATE OF NEW YORK et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered September 2, 1976 in Albany County, which denied plaintiffs' motion for summary judgment and granted summary judgment to the defendants. Plaintiffs instituted this declaratory judgment action against the defendants State of New York and the State Tax Commission, seeking a declaration of the invalidity of section 148.6 of the Regulations of the State Tax Commission (20 NYCRR 148.6), or in the alternative a declaration of invalidity of section 654 of the Tax Law. It is pursuant to this statute and regulation that taxpayers who changed their domicile from New York to Connecticut in September of 1973 have been held not entitled to prorate distributive shares of partnership income and losses from non-New York sources for the period of their residence in New York State, and for which period they have filed returns as New York residents, but rather have been required to report all distributive income or losses from partnerships in their nonresident returns covering the last four months of 1973, because the respective partnerships ended their taxable years at a time when petitioners were nonresidents. The effect of these rulings on petitioners is that losses from non-New York partnerships which could have been deductible had petitioners maintained their resident status at the close of 1973, cannot be applied to offset income from New York partnerships which is required to be included regardless of petitioners' status as residents or nonresidents because such income derives from New York sources. As recently decided by the Court of Appeals, a declaratory judgment action is an inappropriate vehicle for challenging assessments of deficiencies where taxpayers have failed to exhaust administrative remedies (Slater v Gallman, 38 NY2d 1). Moreover, the precise issues raised by petitioners in the present case were decided in Matter of Kritzik v Gallman (41 AD2d 994). Therefore, the petitioners would under any circumstances not be entitled to relief. Order affirmed, without costs. Koreman, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.

(January 20, 1977)

■ ROMAINE A. MACE et al., as Coexecutors of EARL V. MACE, Deceased, et al., Respondents, v TICONDEROGA REALTY COMPANY, INC., et al., Appellants.—Appeal from a judgment of the Supreme Court, entered December 15, 1975 in Essex County, upon a decision of the court at a Trial Term in favor of the plaintiffs for the balance due on a promissory note, together with interest. The defendants refused to pay the balance of the note due because they contend that the plaintiffs misrepresented the accounts receivable and upon the sales agreement there should be a setoff. Upon the present record the defendants have failed to establish any breach of warranty or misrepresentation which would entitle them to a setoff. The value or lack thereof was clearly set forth in the sales agreement and there is no partial failure of consideration for the note. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Mahoney, Main and Herlihy, JJ., concur.