■ In the Matter of ANTHONY J. McNULTY et al., Appellants, v NEW YORK STATE TAX COMMISSION, Respondent.— Casey, J. Appeal from a judgment of the Supreme Court at

Special Term (Connor, J.), entered April 26, 1985 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which sustained a personal income tax assessment imposed under Tax Law article 22.

On August 20, 1979, petitioners changed their residence from Suffolk County to New Jersey. Until then, petitioner Anthony J. McNulty had been a partner in a New York City law firm and his distributive share of the partnership income was petitioners' principal source of income. The taxable year of the partnership ended on December 31, 1979.

Pursuant to Tax Law § 654 (a), petitioners filed two joint New York personal income tax returns for the year 1979; a resident return for the months January to August and a nonresident return for September through December. On these separate returns, petitioners prorated their income, exemptions and deductions to the two periods. On September 10, 1981, the Audit Division of the Department of Taxation and Finance issued a notice of deficiency in the amount of $2,494.38 plus interest. The deficiency was the result of a recomputation in which the entire amount of the partnership income was computed as income to petitioners in their nonresident return. Because the Audit Division found that petitioners had no income reportable on their resident return, they obtained no benefit for the amount of their exemptions and deductions prorated to the resident period. Petitioners filed for a redetermination with respondent and waived their right to a hearing. The matter was submitted to respondent on its file and petitioners' brief. Respondent sustained the assessment and petitioners, thereafter commenced this CPLR article 78 proceeding. Special Term dismissed the petition on the merits, concluding the applicable statute (Tax Law § 654) and its subordinate regulation (20 NYCRR 148.6) were constitutionally valid and rationally applied by respondent. We agree.

These same arguments were advanced and decided by this court in *Matter of Kritzik v Gallman* (41 AD2d 994). In our opinion, this authority cannot be distinguished, as urged by petitioners, on the grounds that it dealt with partnership losses rather than partnership gains, as herein. Gain or loss cannot be determined until the end of the taxable year (Tax Law § 364), which in this case is December 31, 1979. On that date, petitioners were residents of New Jersey, as they had been since August 20, 1979. Thus, the regulation plainly requires that the partnership income be included in its entirety on petitioners' nonresident return. No inequity stems

from this requirement, for regardless of whether their income is reported entirely on their nonresident return or partly on each of their returns, the full amount is taxable by New York. Income reported on a resident return is taxable without regard to its source (Tax Law § 612). Income reported on a nonresident return is taxable to the extent that it was derived from New York sources, which in this case was the total partnership income. It is not, therefore, the regulation (20 NYCRR 148.6) upon which petitioners' complaint is based. Rather, petitioners' loss is caused by the effect of the regulation when combined with the required proration of petitioners' personal exemptions and deductions. When the regulation is so applied, petitioners obtain no benefit from two thirds of their exemptions and deductions, although they were New York residents for two thirds of the taxable year. This does not, however, work the injustice that petitioners claim. As noted by Special Term, if the partnership income was derived entirely from New Jersey sources rather than New York, the partnership income would not have been taxable, such income having accrued in their nonresident period from a New Jersey source. It is the unfortunate change of residency that has caused the result complained of, the consequences of which petitioners should have been aware when they moved to New Jersey. However, the loss sustained does not render 20 NYCRR 148.6 unconstitutional as a consequence and the determination based thereon is reasonable. The judgment of Special Term should, therefore, be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.