OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the petition granted.
Petitioners are taxpayers whose sole source of income in 1979, the tax year at issue, was a distributive share of the earnings of a New York partnership. In August of 1979 petitioners moved their residence from New York to New Jersey. As a consequence, they were required to file two separate State personal income tax returns — one covering the period of residence and another covering the period of nonresidence — and to prorate their personal exemptions and deductions, allocating them between the two returns (Tax Law § 654 [e], [fl).
Petitioners filed returns in compliance with these rules, but did not follow a related Tax Commission regulation that requires taxpayers who move into or out of the State during the tax year to treat partnership gains (or losses) as having all accrued in "the portion of the taxable year” in which the partnership’s own tax year ends (20 NYCRR 148.6). The effect of this regulation, which expressly prohibits taxpayers from prorating partnership income between their separate resident *790 and nonresident returns, is to compel the taxpayer who has changed residence during the tax year to report all of his partnership income on one or the other of his separate tax returns for that year — regardless of when the income was actually received.[1] As applied to taxpayers such as petitioners, whose sole source of income is a partnership distribution, use of the regulation results in the loss of the benefit of some portion of otherwise allowable personal exemptions and deductions, since exemptions and deductions must be prorated and allocated between the taxpayer’s resident and nonresident returns (Tax Law § 654 [c], [e]) and are available only to the extent that they offset the income reported on each return.[2]
We conclude that regulation 148.6 is an invalid exercise of *791 the Tax Commission’s authority. While section 171 of the Tax Law gives the Commission broad power to promulgate "reasonable rules and regulations,” it also prohibits the Commission from promulgating rules and regulations that are "inconsistent with law” (see, e.g., Matter of Friedsam v State Tax Commn., 64 NY2d 76). Indeed, it is elementary that " ' [administrative agencies can only promulgate rules to further the implementation of the law as it exists; they have no authority to create a rule out of harmony with the statute’ ” (Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d 471, 480; Matter of Jones v Berman, 37 NY2d 42, 53; see also, Matter of Cady [Aetna Life & Cos. Co.], 61 NY2d 594, 597).
Section 654 of the Tax Law, which establishes specialized reporting requirements for taxpayers who change resident status during the tax year, evinces a clear legislative intention that most forms of income, as well as exemptions and standard deductions, be allocated between the taxpayer’s resident and nonresident returns in a manner that either reflects the actual date of receipt and expenditure or encompasses an annual amount distributed on a proportionate basis (see, Tax Law § 654 [b], [e], [f]; cf., § 654 [c], [i] [governing "special accruals” and "lump sum” distributions]). By requiring that annual partnership distributions be reported in their entirety on 1 of the 2 returns without regard either to when such distributions are received or to proration, rule 148.6 is inconsistent with this legislative policy. Even if, as the Commission contends, the State’s policy of conformity with Federal tax laws militates in favor of treating partnership distributions for accounting purposes as having accrued on the last day of the partnership’s fiscal year (see, 26 USC § 706; see also, Matter of Hunt v State Tax Commn., 65 NY2d 13), consistency with the reporting approach expressed in Tax Law § 654 would nonetheless require that, for present purposes, taxpayers be permitted to prorate the annual amount of the partnership distributions and allocate that amount proportionately between the resident and nonresident returns.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.

. The regulation is as follows: "148.6 Distributive share of member of partnership. Where an individual or a trust is a member of a partnership and such individual or trust changes its resident status from resident to nonresident, or vice versa, the distributive share of partnership income, gain, loss and deduction of such individual or trust must be included in the computation of New York taxable income of such individual or trust for the portion of the taxable year in which or with which the taxable year of the partnership ends, and treatment of the distributive share of such individual or trust for New York State personal income tax purposes must be determined according to the status of such individual or trust as a resident or nonresident at such time. The distributive share of income, gain, loss and deduction of such individual or trust is not prorated between the separate New York State resident and nonresident income tax returns required under this Part.”

. The following illustrates the effect of regulation 148.6 (22 NYCRR) upon a fictitious taxpayer whose partnership income, accruing December 31, is $40,000 and who moves out of the State at the end of the month of August:
Computation Without Application of Regulations 148.6
(Jan.-Aug.) (Sept.-Dee.)
Resident Nonresident
Total N.Y. Income 26,667 13,333
N.Y. Deductions (8,340) (4,170)
N.Y. Exemptions (1,867) (933)
16,460 8,230
TOTAL TAXABLE INCOME: $24,690 Computation Under Regulation 148.6
(Jan.-Aug.) (Sept.-Dee.)
Resident Nonresident
Total N.Y. Income -0- 40,000
N.Y. Deductions (8,340) (4,170)
N.Y. Exemptions (1,867) (933)
-0- 34,897
TOTAL TAXABLE INCOME: $34,897