OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs, and the certified question answered in the affirmative.
In this case arising under the Child Welfare Reform Act of 1979 (Social Services Law § 409 et seq.), a regulation of the Department of Social Services — 18 NYCRR 430.9 — states that when standards set forth in 18 NYCRR 430.9 (c), (d) or (e) are met, "[t]he provision of preventive services shall be considered mandated”. The issue before us is whether a nondiscretionary duty is thereby imposed upon respondent city, to provide preventive services whenever the standards set forth in 18 NYCRR 430.9 (c), (d) or (e) are met, so as to render relief in the nature of mandamus appropriate (see, Klostermann v Cuomo, 61 NY2d 525).
Required, or mandated, preventive services are authorized by Social Services Law § 409-a (1) (a); optional preventive services are authorized by Social Services Law § 409-a (2). Mandated preventive services furnished by a local social services district are reimbursed by the State at a 75% rate, while optional services are reimbursed at a 50% rate (Social Services Law § 409-b [1]). We agree with the conclusions of the late Justice Leonard H. Sandler (130 AD2d 154) that (1) the determination whether preventive services are mandated in a particular case is, at its essence, a discretionary determination, and (2) the regulation does not require in every case what the Legislature has prescribed must be discretionary in each case.
The statute provides that the determination whether preventive services are mandated is dependent in each case upon the finding by a social services official that "the child will be placed or continued in foster care unless such services are provided and that it is reasonable to believe that by providing such services the child will be able to remain with or be returned to his family.” (Social Services Law § 409-a [1] [a].) A regulation, of course, cannot restrict a statute (see, Matter of McNulty v New York State Tax Commn., 70 NY2d 788, 791). Here, however, the regulation can and should be read ration *824 ally and harmoniously with the statute, as suggested by the agency responsible for its administration (see, Matter of Howard v Wyman, 28 NY2d 434). When the stated standards are met, a social services official may determine that preventive services are essential to prevent foster care placement, and may therefore be considered "mandated” services within 18 NYCRR 430.9 and Social Services Law § 409-a (1) (a) so as to entitle the social services district to the higher reimbursement rate under Social Services Law § 409-b.
Such a reading of the regulation preserves for social services officials the discretion in individual cases to conclude that services should not be provided — even though the standards set forth in the regulation are met — because of the case-by-case findings required by Social Services Law § 409-a (1) (a). This interpretation, moreover, comports with the legislative direction of Social Services Law § 409-a (4) that regulations "promulgated pursuant to and not inconsistent with this section” shall contain program standards relating to circumstances and conditions that are appropriate for the provision of particular services. The Legislature did not direct the Department of Social Services to fashion regulations that would themselves predetermine categories in which preventive services must, in every case, be provided. We further agree with Justice Sandler’s conclusion that, for the same reasons, the request for system-wide declaratory relief in this case is untenable (130 AD2d, at 168, supra).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order affirmed, etc.