■ ULSTER SAVINGS BANK, Appellant, v BRUCE F. WATSON, Doing Business as BRUCE F. WATSON MEMORIALS, Respondent. (And a Third-Party Action.)—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Bradley, J.), entered October 23, 1989 in Ulster County, which denied plaintiff's motion for summary judgment.

Plaintiff, a mortgagee, initiated this action to cancel and declare null and void a tax deed given to defendant by third-party defendant, the City of Kingston. The deed was the product of a tax sale conducted on November 5, 1982. Plaintiff sought summary judgment on the ground that it did not receive actual notice of the tax sale *(see, Mennonite Bd. of Missions v Adams,* 462 US 791, 798). It is undisputed that plaintiff, the identified holder of the publicly recorded mortgage, did not receive even first class mail notice from the city, the minimum notice that *Mennonite Bd. of Missions v Adams (supra)* requires. The tax sale occurred slightly more than six months before the United States Supreme Court handed down its decision in *Mennonite.* Supreme Court held that *Mennonite* had no retroactive application and accordingly denied plaintiff's motion.

According to the parties, the question presented on this appeal distills simply to whether *Mennonite* should be given retroactive effect to a claim which was viable but had not yet been initiated when *Mennonite* was decided. The case of *Matter of McCann v Scaduto* (71 NY2d 164), adverting at page 178 to *Gurnee v Aetna Life & Cas. Co.* (55 NY2d 184, 191, *cert denied* 459 US 837) and quoting *Gager v White* (53 NY2d 475, 483, *cert denied sub nom. Guertin Co. v Cachat,* 454 US 1086), limits retroactive application of *Mennonite* to "only [those] cases where tax titles are ' "still in the normal litigating process" ' ". Defendant maintains that although "the normal litigating process" is not further defined, this language refers to cases actually pending. Supreme Court agreed. Defendant's interpretation, however, runs counter to the Court of Appeals' specific reference to *Gurnee,* a case which held that absent an abrupt shift in its continuity, decisional law should be applied

retroactively to "all claims not barred by the Statute of Limitations" *(Gurnee v Aetna Life & Cas. Co., supra,* at 190).

More importantly, *Mennonite* did not establish new law, it simply further elaborated the fair notice principle first articulated in *Mullane v Central Hanover Trust Co.* (339 US 306; *see, Matter of McCann v Scaduto, supra,* at 176, n 3). And since plaintiff's challenge is to the constitutionality of the tax sale procedure, and the applicable five-year Statute of Limitations (Real Property Tax Law § 1020 [3]) had not expired before the instant action was commenced, plaintiff's motion for summary judgment should have been granted.

Order reversed, on the law, without costs, motion granted, summary judgment awarded to plaintiff and the tax sale deed of January 3, 1983 is declared to be null and void. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.