■ In the Matter of HILTON HOTELS CORP., Petitioner, v COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK, Respondent. [632 NYS2d 56] —In this CPLR article 78 proceeding commenced in this Court pursuant to CPLR 506 (b) (4) to review the decision of the New York City Tax Appeals Tribunal, dated March 3, 1994, which denied petitioner's motion for a summary decision reversing a final determination of respondent Commissioner of Finance, dated April 19, 1991, sustaining respondent's determination, dated March 11, 1987, of a Utility Tax deficiency against petitioner pursuant to section 11-1101 *et seq.* of the Administrative Code of the City of New York for the pe-

riod from June 1, 1983 to December 31, 1985 in the principal sum of $56,832.76, plus interest to April 15, 1991 in the amount of $50,296.42, for a total of $107,129.18, for failure to report its gross operating income from the supplemental charge or surcharge it received for providing access from guest rooms to long-distance telephone transmission carriers and for other telephone-related services provided within New York City, the petition is granted and respondent's determination annulled, without costs.

Petitioner operates the Waldorf-Astoria Hotel and provides telephone services to guests by purchasing telephone service directly from NYNEX and AT&T and reselling it to its guests. Local calls are charged at a flat price per call above the price charged to the hotel by the telephone company. Long-distance calls are also charged at a higher rate which is determined by whether they are operator assisted and how the call is routed. The surcharge is the difference between the cost to the hotel using the least expensive routing system and the most expensive tariff rate. Guests are not charged for collect or credit card calls or calls within the hotel.

New York City imposes a Utility Tax pursuant to Administrative Code § 11-1102 on the gross operating income of a vendor of utility services, including telephone services, which services originate and terminate within the City. The enabling act for this tax, General City Law § 20-b, requires that the tax statute conform to the State Utility Tax statute, Tax Law § 186-a, pursuant to which the gross operating income from telephone service includes the surcharge or supplemental charge on local, intrastate, and interstate calls. The City's Utility Tax return does not include instructions on how to compute gross operating income from telephone service, but the instructions on the State Utility Tax return direct the taxpayer to itemize total receipts from local calls, and for long-distance calls, and to deduct from each respectively the telephone company charges, which result is the surcharge for each.

From 1974 to 1983, there were no audits to determine whether hotels were properly reporting the telephone service tax on the City Utility Tax returns, and no written policy statements or bulletins. The City also had not enforced the City Utility Tax as requiring inclusion of the surcharge on long-distance calls prior to the hotel audit project commencing in 1986.

In 1943, the Hotel Association of the City of New York had requested a formal hearing and ruling to clarify the application of the Utility Tax to telephone receipts. Respondent's prede-

cessor, the Bureau of Excise Taxes, responded by letter dated April 12, 1943, which stated: "It is our view * * * that the ruling issued by this office that hotels rendering telephone service are vendors of utility services and, as such, subject to the City's utility tax laws is proper and will be continued, and that the 'gross operating income' of such hotels upon which the tax is based shall consist of the total of the full charges made by the hotels to their guests for such telephone service, including both the basic charges as well as the surcharges. However, in accordance with our present practice, receipts from out-of-City telephone messages will be excluded from the 'gross operating income,' by which the tax is measured." The counsel for the Association thereafter informed its members that the City Comptroller had ruled that "receipts from out-of-city telephone messages will be *excluded* from the 'gross operating income' of hotels upon which the City Utility Tax for telephone service is based. The basis of the tax on local calls is the basic charge of the Telephone Company plus the hotel's surcharge" (emphasis in original). In response to another inquiry in 1949, the Special Deputy Comptroller stated in a letter dated May 6, 1949 that while hotels are required to include in gross operating income receipts from telephone service in the City, "receipts from long distance telephone calls * * * [are to] be excluded from gross operating income in computing the measure of the tax under the Utility Tax Law."

Petitioner filed its City Utility Tax returns for the audit period, reporting as its gross operating income from telephone service the surcharge on local calls. The hotel reported on its State Utility Tax return its surcharge (receipts minus telephone company charges) for local, intrastate and interstate calls as its gross operating income.

In 1985, the head of the Utility Tax Unit reviewed the tax policy, believing that hotels were under reporting their gross operating income regarding long-distance telephone calls, although acknowledging that the City had not previously enforced the inclusion of the long-distance surcharge. Two hundred audits were undertaken based on the determination that hotels were required to report the surcharge for both local and long-distance service.

As a result, a tax deficiency was assessed against petitioner on March 11, 1987 in the amount of $69,819.57 for unpaid Utility Taxes plus interest to January 25, 1987 for failure to report receipts for the resale of long-distance service from 1983 to

1985.* On March 31, 1987, petitioner applied to set aside the notice of deficiency and requested a hearing. A nine day hearing was held in 1988. On April 19, 1991, respondent issued a final determination and decision, denying the application and assessing petitioner $107,129.18 for Utility Taxes for the period from June 1, 1983 through December 31, 1985 plus interest to April 15, 1991.

Respondent found that petitioner had received payment for supplemental services which were local in nature; that it is clear that respondent may change its interpretation of the Utility Tax, insofar as the new interpretation comports with statutory requirements; that the retroactive change was not invalid inasmuch as no promulgated regulations or public announcement of the previous policy had been issued; and that the constitutional issues regarding the Commerce Clause, due process and equal protection need not be considered inasmuch as the surcharges were for supplemental services performed within the City and not for resale of long-distance calls. Petitioner paid the assessed amount on April 25, 1991 under protest and appealed to the New York City Tax Appeals Tribunal, contending that respondent had erred in finding that the supplemental services constituted local transactions for purposes of the tax, that petitioner received payment for such services, and that respondent's prior policy had not been publicly announced. Petitioner moved for a summary decision pursuant to the rules of the Tribunal.

By decision dated March 3, 1994, the Tribunal denied the motion and granted summary decision to respondent, finding that the surcharge imposed by petitioner on long-distance calls was subject to the City Utility Tax. It found that the statutory term "vendor" included hotel, and that the telephone access the hotel sold to guests was within the statutory meaning of "utility service", and thus petitioner came within the scope of the statute. It also found that the amount charged for long-distance calls was correctly viewed as an amount paid to the telephone company for its service and a surcharge for the access to the telephone company provided by the hotel. The matter thus being one of the statutory construction of "gross operating income", the Tribunal found 20 NYCRR 501.9 (c) instructive in determining the nature of the surcharge inasmuch as the application of the term "gross operating income" to the sale of telephone services should be the same for both State and local utility taxes. It thus utilized the State

---

* Other hotels were also so assessed and objected. These cases were put on hold pending the decision in this case.

regulation in interpreting the City law based on the requirement of General City Law § 20-b that the City law conform with Tax Law § 186-a and the imposition of the tax in both the City and State laws on "gross operating income".

The regulation provides that local and long-distance messages furnished to guests are not resales and to the extent the hotel supplements the services of the telephone company by making them available to guests, the hotel is separately engaged in the business of selling a telephone service and, thus, the telephone company must pay tax on the amount it charges and the hotel must pay tax on the amount received from the sale of supplementary services. The Tribunal thus found that the amount charged on a guest's bill for making a telephone call represented separable payments for the telephone company services and for the hotel's supplementary services. Because of the two-part view of the charge, the Tribunal rejected petitioner's argument that the geographic restriction allowing the City to tax that which occurs only within its limits made the State regulation inapplicable, and further held that the State's position that supplemental service or access charges, or surcharges, constituted gross operating income was reasonable.

The Tribunal then rejected petitioner's argument that the City was bound by its earlier position and was barred from applying the new position to open tax years. It further found that there was neither retroactive legislation nor a reversal of a former administrative ruling, and that petitioner had not reasonably relied to its detriment on the prior interpretation of the term "gross operating income", rejecting the application to this case of the State Tax Appeals Tribunal ruling in *Matter of NewChannels Corp.* (1993 WL 391319 [NY Tax Appeals Tribunal, Sept. 23, 1993]), which applied the State Corporation Franchise Tax prospectively to the cable industry. The Tribunal also found that no Federal or State constitutional issues were raised inasmuch as the application of the Utility Tax to the surcharge was based on local utility services. This petition followed.

Petitioner now argues that the Tribunal abused its discretion and acted in excess of its authority in denying its motion for summary decision and granting summary decision in favor of respondent; the Tribunal's interpretation and retroactive application of the Utility Tax statute contrary to the Department's long-standing practice was arbitrary and capricious; the Tribunal acted in excess of its authority in wholly disregarding the petitioner's argument that the application of the Utility

Tax to its receipts from long-distance telephone service violates the Commerce Clause of the United States Constitution; the Tribunal acted in excess of its authority in wholly disregarding petitioner's argument that the application of the Utility Tax to its receipts from long-distance telephone service violates the Due Process and Equal Protection Clauses of the New York State and United States Constitutions; and petitioner's income subject to the New York City General Corporation Tax must be reduced for any income attributable to receipts that are found to be subject to the Utility Tax.

Petitioner first argues that the Tribunal erred inasmuch as the Utility Tax may only be imposed on receipts from transactions which originate and terminate within the territorial boundaries of the City, and non-local service is outside the statutory authority. The Utility Tax is imposed pursuant to the authority granted by General City Law § 20-b and Tax Law § 1221 (a) (3). General City Law § 20-b requires that the City Utility Tax conform to Tax Law § 186-a and places a geographical restriction on the transactions subject to the tax as follows: "A tax imposed pursuant to this section shall have application only within the territorial limits of any such city, and shall be in addition to any and all other taxes. This section shall not authorize the imposition of a tax on any transaction originating or consummated outside of the territorial limits on any such city, notwithstanding that some act be necessarily performed with respect to such transaction within such limits."

It is agreed that the statute does not permit imposition of a tax on receipts from the sale of non-local telephone service. Petitioner claims that the evidence presented reveals that the hotel did not charge its guests anything for access to a phone or for any other telephone-related services or for the use of a telephone, and that the charges were based solely on the completion of long-distance calls. Petitioner also claims that the Tribunal ignored the evidence that the receipts at issue were from transactions consummated outside the City and erroneously relied on regulation under the State tax in holding that the receipts were from the provision of taxable local telephone service.

Pursuant to Tax Law § 186-a, which applies to the local Utility Tax herein, a utility tax is imposed on a hotel's "gross operating income" from telephone service, which for a hotel is the difference between the total receipts and the amount paid to the telephone company, or the surcharge (see, New York State Utility Tax Regulations [20 NYCRR] § 502.3). While petitioner claims that the components of the charges for

telephone service are inseparable, petitioner did separate the surcharge on local calls for the City Utility Tax and for both local and long-distance calls for the State tax. While petitioner did not bill its guests for access or for certain services, this does not negate the fact that there existed a surcharge between the actual cost of the service and the charge to the guest, upon which surcharge the tax was imposed. Thus, inasmuch as the surcharge was not inseparable from the long-distance telephone call, the geographical limitation on the City's Utility Tax did not bar imposition of such tax.

Statutory construction by an administrative agency, particularly with respect to the application of a broad statutory term such as "gross operating income", should be upheld unless irrational or unreasonable (*see, Matter of Howard v Wyman*, 28 NY2d 434, 438). A court " 'need not find that its construction is the only reasonable one, or even that it is the result [it] would have reached had the question arisen in the first instance in judicial proceedings' " (*Udall v Tallman*, 380 US 1, 16). The principle of deference to administrative interpretations applies to the administration of tax statutes (*see, Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 400). Thus, as here, where the interpretation distinguishing between the service provided by the telephone companies and the supplemental access provided at the hotel by the hotel, which allowed for the imposition of the tax on long-distance telephone service, was rational and not inconsistent with the statute, such interpretation must be sustained (*see, Matter of Unimax Corp. v Tax Appeals Tribunal*, 79 NY2d 139).

Petitioner also argues that the interpretation and retroactive application of the Utility Tax statute was contrary to the Department's long-standing practice and thus arbitrary and capricious. Petitioner particularly contends that the 1943 and 1949 letters established a formal policy that the tax would not apply to receipts for long-distance surcharges and the failure to change such position resulted in its acquiescence to such practices. Thus, it is contended, the subsequent change and retroactive application were arbitrary and capricious. Both parties agree that where an agency has erroneously interpreted a statute, it has "the right and the obligation to correct it[self]" on the point (*Matter of Irish Intl. Airlines [Levine]*, 48 AD2d 202, 203, *affd* 41 NY2d 819). Petitioner also does not dispute that a retroactive change is allowable where the case involves no greater prior administrative action than the acceptance of a tax return as filed (*see, American Tel. & Tel. Co. v State Tax Commn., supra*, at 404).

Here, however, petitioner relied upon two explicit opinions that the Utility Tax would apply only to local telephone calls which, contrary to respondent's contention, were intended for the entire hotel industry. Petitioner argues that the change implemented by the audit thus represented a break in prior policy, which had existed for nearly 50 years, and a change in interpretation and application thereof. The three-part test for determining the nonretroactivity of a judicial decision, enunciated in *Chevron Oil Co. v Huson* (404 US 97, 106-107) and adopted in *Gager v White* (53 NY2d 475, *cert denied sub nom. Guertin Co. v Cachat*, 454 US 1086) was applied by the State Tax Appeals Tribunal in *Matter of NewChannels Corp. (supra)*.

Pursuant to such test, a decision must be applied prospectively (1) if it establishes a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed, (2) the merits of each case must be weighed by viewing the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation, and (3) the inequity imposed by retroactive application must also be weighed, for where such decision could produce substantial inequitable results if applied retroactively, there is ample basis for avoiding the injustice or hardship by a holding of nonretroactivity (*Chevron Oil Co. v Huson, supra,* at 106-107).

Based on the three-part test, the State Tax Appeals Tribunal in *NewChannels (supra)* refused to give retroactive application to a new interpretation of the term "transmission business" for the purpose of imposing a franchise tax due to a contrary opinion previously given in the Division of Taxation's 1953 Opinion of Counsel. The State Tribunal found the agency decision to retroactively apply the tax one of first impression that could not be foreseen, that retroactive application would not further the purpose of the new rule and prospective application would not undermine the new rule, and that the equities favored the taxpayer who had acted in good faith in relying on the 35 year old policy. Although the Tribunal herein considered the decision in *NewChannels*, it erred in finding it inapplicable.

Here, we are also dealing with an issue of first impression inasmuch as the Tribunal had never before determined whether the Utility Tax should apply to long-distance service surcharges and petitioner could not have foreseen the change in policy so as to consider the tax in setting its surcharge prices. There is no showing that retroactive application would further

the new rule or that prospective application would undermine its effect. Finally, the equities balance in favor of petitioner (and other hotels) as it would be exposed to unexpected tax liabilities, plus interest thereon, in a situation where it had acted in good faith and in reliance on the position of the Department which had been espoused for 50 years. While respondent contended that the two opinions were of no consequence, petitioner notes that the letters were the only type of administrative rulings available at the time, inasmuch as Rules of the City of New York § 100.2 entitled "Requests for Letter Rulings" was not enacted until 1983 and said rules were not set forth in 19 RCNY 16-01 through 16-06 (as referred to by the Commissioner) until 1991. Thus, the decision to apply the new interpretation of the Utility Tax to apply retroactively to long-distance telephone service was arbitrary and capricious and should be reversed.

Petitioner also argues that the application of the Utility Tax to receipts from long-distance service violates the Commerce Clause of the United States Constitution, and also violated due process and equal protection. However, the Tribunal did not have to reach these claims inasmuch as it properly found that the tax was imposed solely on the local access fee or surcharge, and that such service commenced and terminated within the City of New York (*see also, Oklahoma Tax Commn. v Jefferson Lines*, 514 US —, 115 S Ct 1331 [imposition of State sales tax on full price of ticket for bus travel to another State consistent with Federal Commerce Clause]).

Petitioner last argues that any income subject to the New York City General Corporation Tax must be reduced for any income attributable to receipts that are found to be subject to the Utility Tax and states that it included income attributable to receipts from the sale of long-distance telephone service to guests as income for the purpose of determining the New York City General Corporation Tax for the years in question. It contends that an exemption exists from said tax for income attributable to receipts subject to the Utility Tax pursuant to Administrative Code § 11-603 (4) (a), and that petitioner specifically reserved the right to challenge the applicability of the General Corporation Tax to the percentage of any income taxed to the Utility Tax in its petition dated March 31, 1987. However, inasmuch as we find the Utility Tax should be applied prospectively only, this issue need not be addressed.

Accordingly, the petition should be granted and respondent's determination annulled. Concur—Rosenberger, J. P., Kupferman, Asch, Nardelli and Mazzarelli, JJ.