BERNARD HENRY et al., Appellants, v MORRIS ISAAC et al., Respondents. [645 NYS2d 48]

The proposed intervenors, the Coalition of Institutionalized Aged and Disabled, Inc., and Friends and Relatives of Institutionalized Aged, Inc., moved to intervene in this action both in their own right and in a representative capacity on behalf of the residents of the defendant New Whitman Home for Adults. The Supreme Court denied the motion, concluding that the proposed intervenors lack standing. On appeal, the proposed intervenors do not challenge the court's conclusion that they failed to demonstrate any injury in fact and therefore lack standing to sue in their own right. They contend, however, that they should be permitted to intervene on behalf of the residents of the adult home.

To establish standing in a representative capacity, an organization must be asserting the rights of at least one of its members and not attempting to sue on its own behalf for a declaration of the rights of its potential clients *(see, Matter of MFY Legal Servs. v Dudley,* 67 NY2d 706, 708-709; *Mixon v Grinker,* 157 AD2d 423, 427). Certain exceptions to this general rule have been recognized for advocacy groups representing abused children *(see, Grant v Cuomo,* 130 AD2d 154, *affd* 73 NY2d 820), HIV-infected homeless persons *(see, Mixon v Grinker,* 157 AD2d 423, *supra),* and Medicaid recipients *(see, Community Serv. Socy. v Cuomo,* 167 AD2d 168). We do not find it appropriate to extend those limited exceptions to a case such as this which involves, *inter alia,* alleged personal injuries, breaches of private contractual relationships, and other personal claims *(see, Henry v Isaac,* 214 AD2d 188) asserted against private, albeit heavily regulated, parties. Miller, J. P., Joy, Altman and Friedmann, JJ., concur.