[740 NYS2d 141]

In the Matter of BRUCE M. MONTGOMERIE et al., Petitioners, v
TAX APPEALS TRIBUNAL et al., Respondents.

Third Department, February 21, 2002

### APPEARANCES OF COUNSEL

*Wilkie, Farr & Gallagher,* New York City (*Eliott M. Berman* of counsel), for petitioners.

*Eliot Spitzer, Attorney General,* Albany (*Andrew D. Bing* of counsel), for respondents.

### OPINION OF THE COURT

CARDONA, P.J.

Petitioners, previously New York residents, moved to Connecticut on November 30, 1986. In August 1987, pursuant to the rules in effect for taxpayers who change residence to another state during a tax year, petitioners timely filed a joint New York resident income tax return for the period January 1, 1986 to December 1, 1986, and a joint nonresident return for the period December 1, 1986 to December 31, 1986. At the time of filing, 20 NYCRR former 148.6 expressly prohibited taxpayers from prorating partnership income between resident and nonresident returns and mandated that such income be reported on the return that reflected the taxpayer's residential status on the date the partnership's taxable year ended. In compliance with this regulation, petitioners reported the entire distributive share of income allocated to petitioner Bruce M. Montgomerie (hereinafter petitioner) from his interest in a partnership whose taxable year ended on December 31, 1986 on their 1986 nonresident income tax return.

Thereafter, in October 1987, the Court of Appeals invalidated 20 NYCRR former 148.6 (see, *Matter of McNulty v New York State Tax Commn.*, 70 NY2d 788, 791). Noting that Tax Law former § 654 required taxpayers to prorate personal exemptions and standard deductions, the Court stated that the statute evinced a "clear legislative intention" that income be allocated between returns "in a manner that either reflects the actual date of receipt and expenditure or encompasses an annual amount distributed on a proportionate basis" (*id.* at 790-791). The Court of Appeals determined that 20 NYCRR former 148.6 was inconsistent with this legislative policy and determined that the statutory scheme required that taxpayers be allowed to prorate partnership distributions and allocate the amounts "proportionately between the resident and nonresident returns" (*id.* at 791).

In July 1988, the Audit Division of the Department of Taxation and Finance (hereinafter the Department) sent petitioners a statement of audit changes indicating that petitioners had erred in failing to prorate their partnership income between their resident and nonresident periods resulting in an additional tax liability of $18,344.82. Petitioners requested that the tax assessment be withdrawn because petitioners' returns were prepared in accordance with the regulation in effect at the time of filing. The Audit Division sustained the assessment, asserting that the Court of Appeals' decision in *Matter of McNulty v New York State Tax Commn.* (*supra*) required that the partnership income be prorated on an "11 month/1 month basis." Following a conciliation conference, the tax assessment was reduced to $11,861, plus interest, but without penalty. Petitioners' subsequent application for redetermination was dismissed on procedural grounds and petitioners paid the tax assessed.

In April 1991, petitioners filed for a refund which was disallowed by the Audit Division. In November 1993, petitioners filed an application for refund with the Division of Tax Appeals, alleging, inter alia, that the additional tax assessed resulted from a misinterpretation of *Matter of McNulty v New York State Tax Commn.* (*supra*). The parties agreed to have the controversy determined on submissions without a hearing. The Administrative Law Judge found the facts as set forth in petitioners' application, but denied the request for a refund. Upon review, respondent Tax Appeals Tribunal deleted those findings of fact founded solely on the contents of the petition indicating that they were unsupported by the evidence and,

therefore, petitioners did not meet their burden of proof. The Tribunal alternatively affirmed the denial of petitioners' application on the basis that *McNulty* required proration of petitioners' partnership income between their resident and nonresident returns and should be retroactively applied. Petitioners, thereafter, commenced this proceeding seeking annulment of the determination.

■ Initially, we disagree with the Tribunal's conclusion that petitioners failed to meet their burden of proof (*see*, Tax Law § 689 [e]; 20 NYCRR 3000.15 [d] [5]) based upon the fact that they did not submit supporting evidence such as copies of their 1986 tax returns or proof of petitioner's partnership status. Significantly, the sole basis for the additional tax assessment was the Court of Appeals' decision in *McNulty*. At no point did the Department contest or dispute the accuracy of the facts or amounts in petitioners' returns and, in fact, the Department admitted that petitioners filed their 1986 returns "in accordance with the statutory regime for that year." Since it is undisputed that petitioners' sole challenge was to the Department's legal interpretation of that decision, it was inappropriate for the Tribunal to base its determination on burden of proof.

■ Turning to the merits, we first address petitioners' argument that *McNulty* should not be applied retroactively given the fact that they duly filed their returns in compliance with the regulation in effect at the time. We conclude that *McNulty* must be accorded retroactive effect. While petitioners maintain that they should be accorded the benefit of 20 NYCRR former 148.6 in light of the presumption that amendments of administrative regulations should be applied only prospectively (*see, Matter of Linsley v Gallman*, 38 AD2d 367, 369, *affd on op below* 33 NY2d 863), this matter does not involve merely an amended regulation. 20 NYCRR former 148.6 was struck down by the Court of Appeals and, thus, this case more closely resembles the situation in *Gurnee v Aetna Life & Cas. Co.* (55 NY2d 184). In *Gurnee*, the Court of Appeals determined that retroactive effect should be accorded its decision in *Kurcsics v Merchants Mut. Ins. Co.* (49 NY2d 451), which, inter alia, invalidated Insurance Department regulations that erroneously interpreted a statute. The Court pointed out in *Gurnee* that changes in decisional law are normally applied to all cases " 'still in the normal litigating process' " (*Gurnee v Aetna Life & Cas. Co., supra* at 191, quoting *Gager v White*, 53 NY2d 475, 483), i.e., " 'all claims not barred by the Statute of Limita-

tions' " (*Ulster Sav. Bank v Watson*, 168 AD2d 839, 840, quoting *Gurnee v Aetna Life & Cas. Co.*, *supra* at 190).* Therefore, retroactivity is mandated. Nevertheless, even applying the three-part test traditionally employed in determining whether a decision should be afforded only prospective application, we come to the same conclusion. The three factors to be considered are as follows:

> " 'First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied * * * or by deciding an issue of first impression whose resolution was not clearly foreshadowed' * * *. Second, the prior history of the rule at issue and the impact of retroactive application upon its purpose and effect should be considered. Finally, the court should take into account any inequity that would be created by retroactive application * * *" (*Gurnee v Aetna Life & Cas. Co.*, *supra* at 192, quoting *Chevron Oil Co. v Huson*, 404 US 97, 106-107 [citation omitted]; *see, Matter of Hilton Hotels Corp. v Commissioner of Fin. of City of N.Y.*, 219 AD2d 470, 477).

With respect to the first factor, despite contrary decisional law by this Court interpreting regulations imposed by the Department (*see, Matter of Kritzik v Gallman*, 41 AD2d 994; *see also, Matter of Megson v New York State Tax Commn.*, 105 AD2d 481; *Arredondo v State of New York*, 55 AD2d 978, *appeal dismissed* 42 NY2d 823, *lv denied* 42 NY2d 807), it appears that *McNulty* represented the Court of Appeals' first opportunity to construe Tax Law former § 654. Such an interpretation is not considered a new legal principle (*see, Gurnee v Aetna Life & Cas. Co.*, *supra* at 192). The Court of Appeals was construing the statute which had been in effect for several years, thus, its holding was not a "new" rule of law (*see, id.* at 191).

Regarding the remaining factors, petitioners have not made a persuasive showing that retroactive application would retard the effect of the statute. The Court of Appeals clearly stated in *Matter of McNulty v New York State Tax Commn.* (70 NY2d 788, 791, *supra*) that 20 NYCRR former 148.6 was an invalid exercise of the tax authority's power which was inconsistent

---

* There is no dispute that the Audit Division's additional tax assessment was timely (*see,* Tax Law § 683).

with Tax Law former § 654 and created unfair results for certain taxpayers. Accordingly, we cannot agree that its retroactive application would not further the purposes of Tax Law former § 654. There is also insufficient support for petitioners' assertion that they detrimentally relied on the prior rule such that it would be inequitable for them to be required to pay the correct amount of tax due under a proper interpretation of Tax Law former § 654 (*cf.*, *Matter of Hilton Hotels Corp. v Commissioner of Fin. of City of N.Y.*, *supra*). Petitioners were not assessed a penalty as a result of the Department's actions and were put in no different position than if *McNulty* had been decided shortly before their returns were filed as opposed to shortly after. In any event, although we appreciate petitioners' argument, "[s]ince tax legislation is not a governmental promise" (*Matter of Varrington Corp. v City of N.Y. Dept. of Fin.*, 85 NY2d 28, 33), petitioners had no vested right in the benefits of 20 NYCRR former 148.6 and cannot establish unjustifiable prejudice as a result (*see*, *id.*).

Lastly, petitioners maintain that, regardless of the retroactivity issue, the Court of Appeals did not hold in *Matter of McNulty v New York State Tax Commn.* (*supra*) that partnership income must always be prorated between resident and nonresident returns in cases where the income reported does not reflect the actual date of receipt and, therefore, the Audit Division erred in assessing additional taxes in reliance on *McNulty*. We cannot agree. Petitioners' contention that the Court of Appeals intended to only invalidate that portion of 20 NYCRR former 148.6 that prohibited proration as a method of reporting partnership income is not persuasive in light of the decision's strong language stating that the regulation was an "invalid exercise of the Tax Commission's authority" (*id.* at 790-791). Therefore, petitioners can only prevail if Tax Law former § 654 supports their claim that proration is an optional method of reporting. However, although the decision states that "for present purposes" taxpayers must be "permitted" to prorate partnership income between resident and nonresident returns (*id.* at 791), the language preceding that statement which construed the legislative intent behind Tax Law former § 654, persuades us otherwise. Specifically, the Court noted that Tax Law former § 654 "evinces a clear legislative intention that most forms of income * * * be allocated between the taxpayer's resident and nonresident return in a manner that either reflects the actual date of receipt and expenditure or encompasses an annual amount distributed on a proportionate

basis" (*id.* at 791). Given this interpretation, we cannot agree with petitioners that the reporting method employed by them was an "option" contemplated by the statute.

MERCURE, CREW III, SPAIN and CARPINELLO, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.