■ In the Matter of NEW YORK INSTITUTE OF LEGAL RESEARCH, Petitioner, v NEW YORK STATE BOARD ON ELECTRIC GENERATION SITING AND THE ENVIRONMENT, Respondent. [744 NYS2d 441] —Proceeding pursuant to Public Service Law article X to review a determination of the respondent New York State Board on Electric Generation Siting and the Environment, dated November 21, 2001. Motion by the respondent to dismiss the petition, inter alia, on the ground that the petitioner's failure to file exceptions to a recommended decision precludes judicial review of the issues raised herein, and cross motion by the petitioner to direct that Astoria Energy, LLC, be joined as an additional respondent.

Ordered that the motion is granted; and it is further,

Ordered that the cross motion is denied as academic in light of our determination; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, with costs.

Astoria Energy, LLC, filed an application with the respondent New York State Board on Electric Generation Siting and the Environment (hereinafter the Board) pursuant to Public Service Law article X for a certificate to construct an electric generating facility in Queens. The petitioner, a public interest group, was granted party status pursuant to Public Service Law § 166. However, although the petitioner participated in the initial conferences to define the scope of the subsequent hearings (see Public Service Law § 165), it did not otherwise participate in the hearings or proceedings until after the Board issued its final determination granting the certificate on November 21, 2001. At that time, the petitioner filed a petition for a rehearing before the Board (see Public Service Law § 166). Consideration of the petition, however, was denied because the petitioner failed to file exceptions to a recommended decision issued on the application, as required by the relevant administrative regulations.

The petitioner thereafter commenced this proceeding to review the Board's determination. The Board moved to dismiss the proceeding, inter alia, on the ground that the petitioner's failure to file exceptions to the recommended decision on the application precludes judicial review of the issues raised herein. We agree and dismiss the proceeding.

By statute, judicial review of a determination of the Board, absent extraordinary circumstances, is limited to those issues

raised in a petition for a rehearing before the Board (*see* Public Service Law § 170 [1]). Here, no extraordinary circumstances are present. By regulation, administrative review of a petition for a rehearing is limited to those issues raised by exception to a recommended decision on the application, if the recommended decision was issued for exceptions (*see* 16 NYCRR 4.9, 4.10). "A party's failure to except with respect to any issue shall constitute a waiver of any objection to the recommended decision's resolution of that issue. If the [Board] adopts the recommended resolution, a party that has not excepted may not seek a different resolution of that issue on rehearing" (16 NYCRR 4.10 [d] [2]). Read together, the statutes and regulations preclude judicial review of any issue that could have been raised, but was not raised, as an exception to a recommended decision on an application that was issued. Here, a recommended decision was issued. However, the petitioner did not raise any exceptions to the recommended decision. Thus, as all of the issues raised herein could have been raised as exceptions to the recommended decision, judicial review of the same is precluded (*see Matter of Citizens for Hudson Val. v New York State Bd. on Elec. Generation Siting & Envt.,* 281 AD2d 89).

Contrary to the petitioner's contentions, the administrative regulations do not conflict with Public Service Law § 170 (1). The regulations limit only administrative review of a petition for a rehearing, not the scope of judicial review. Further, although the regulations do, by implication and operation, limit the scope of judicial review on a theory akin to exhaustion of administrative remedies and preservation or waiver, the regulations are in harmony with the statutory scheme and the intent of the Legislature (*see Matter of McNulty v New York State Tax Commn.,* 70 NY2d 788; *Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.,* 45 NY2d 471). Public Service Law article X was enacted in 1992 to provide "a comprehensive framework for developing and implementing sound energy policy for the State that integrates energy planning with consideration of environmental quality and [to provide] a one-stop process for the siting of major electric generating facilities" (Governor's Mem approving L 1992, ch 519, dated July 24, 1992, 1992 NY Legis Ann, at 323). One goal of the legislation was to permit "comprehensive review of the benefits and impacts anticipated from proposed facilities without unreasonable delay" (Governor's Mem approving L 1992, ch 519, dated July 24, 1992, 1992 NY Legis Ann, at 324). Indeed, the expeditious resolution of siting applications is a goal noted throughout documents submitted in support of the legislation (*see* Governor's Program Bill Mem, L 1992, ch 519,

1992 NY Legis Ann, at 321, 323 [legislation will "ensure that needed major generating facilities are not unreasonably delayed or prevented from coming on line"]; Mem of New York State Energy Office, dated July 14, 1992, Bill Jacket, L 1992, ch 519 ["The bill's reestablishment of a one-stop forum also provides greater assurance that needed major electric generating facilities will be constructed in a timely and environmentally compatible manner"]; Memorandum of New York State Dept of Public Service, dated July 20, 1992, Bill Jacket, L 1992, ch 519 [legislation will "encourage more expeditious proceedings"]). This goal was made manifest by Public Service Law § 165 (4), which, for facilities of 200,000 kilowatts or less, sets a general deadline for a final decision on a siting application of 12 months. Accordingly, the regulations challenged are in harmony with the legislative intent underlying Public Service Law article X, as they compel a party to seek expeditious administrative review and determination of issues prior to judicial review. In sum, the petitioner's failure to file exceptions to the Board's recommended decision on the application warrants dismissal of this proceeding.

In light of this determination, the Board's additional arguments for dismissal of the proceeding, and the petitioner's cross motion, are academic. Ritter, J.P., Altman, Feuerstein and Cozier, JJ., concur.