■ In the Matter of Ruth A. Brown, Respondent, v Schuyler-Chemung-Tioga Board of Cooperative Educational Services, Appellant. [775 NYS2d 191]—

Rose, J. Appeal from a judgment of the Supreme Court (O'Shea, J.), entered December 24, 2002 in Chemung County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's request to be reinstated to a preferred eligibility list.

Petitioner, a special education teacher, commenced this proceeding to challenge her removal from respondent's preferred eligibility list. In seeking reinstatement, petitioner asserted that respondent's determination deprived her of her right pursuant to Education Law §§ 2510 and 3013 to be listed for a period of seven years following the abolition of her position and her transfer to a component school district. In a thorough and well-reasoned decision, Supreme Court held that the four-month statute of limitations was extended by the 30-day waiting period in Education Law § 3813 (1), and rejected respondent's argument that the proceeding was untimely. The court then concluded that the decision by the Court of Appeals in *Matter of Bojarczuk v Mills* (98 NY2d 663 [2002]), requiring recognition of the right to be on the preferred eligibility list pursuant to Education Law §§ 2510 and 3013, should be applied retroactively to petitioner's situation. Accordingly, respondent's determination was annulled. This appeal ensued.

Initially, we are persuaded by the reasoning employed by the Second and Fourth Departments (*see Matter of Perlin v South Orangetown Cent. School Dist.*, 216 AD2d 397, 399 [1995], *lv dismissed* 86 NY2d 886 [1995]; *Matter of Vail v Board of Coop. Educ. Servs.*, 115 AD2d 231, 232 [1985], *lv denied* 67 NY2d 606 [1986]; *Matter of Cordani v Board of Educ. of Hempstead School Dist.*, 66 AD2d 780, 781 [1978]) and agree that the 30-day waiting period in Education Law § 3813 (1) tolled the statute of limitations under CPLR 204 (a), making this proceeding timely.

Turning to the issue of petitioner's right to be restored to the list, respondent does not dispute that petitioner's reinstatement would be required if the decision in *Matter of Bojarczuk v Mills* (*supra*) were applicable. Instead, respondent contends that Supreme Court erred in applying that decision retroactively to petitioner. We disagree. Supreme Court thoroughly considered the three factors "traditionally employed in determining whether a decision should be afforded only prospective application" (*Matter of Montgomerie v Tax Appeals Trib.*, 291 AD2d 129, 133 [2002], *lv denied* 98 NY2d 606 [2002]; *see Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184, 191 [1982], *cert denied* 459 US 837 [1982]). Since the decision in *Bojarczuk* did not represent an abrupt shift in the continuity of decisional law (*see Koch v Putnam-Northern Westchester Bd. of Coop. Educ. Servs.*, 98 AD2d 311, 315-316 [1984], *lvs dismissed* 63 NY2d 607, 895 [1984]), its retroactive application was appropriate (*see Ulster Sav. Bank v Watson*, 168 AD2d 839, 839-840 [1990]). Thus, Supreme Court correctly found that petitioner was entitled to retroactive reinstatement to respondent's preferred eligibility list.

Cardona, P.J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.