■ In the Matter of BANKERS TRUST CORPORATION et al., Appellants, v TAX APPEALS TRIBUNAL OF THE CITY OF NEW YORK et al., Respondents. [940 NYS2d 59]—

Decision of respondent New York City Tax Appeals Tribunal, dated April 8, 2010, affirming an administrative determination that petitioner is not entitled to a 17% interest deduction for the interest income it received from its third- and fourth-tier indirect subsidiaries, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 and New York City Charter § 171, commenced in this Court pursuant to CPLR 506 (b) (4), dismissed, without costs.

Respondent's decision that petitioner was not the beneficial owner of two indirect subsidiaries, BT Trust Holdings (U.K.) Ltd. (BT UK) and Bankers Trust GmbH (BT GMBH), from which its operating company, Bankers Trust Company (BT), was three and four times removed, respectively, was "based on a rational interpretation of the relevant statutory provisions" (*see Matter of American Airlines, Inc. v New York City Tax Appeals Trib.*, 77 AD3d 478 [2010], *lv denied* 16 NY3d 712 [2011]; *see also Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 400 [1984]; *Matter of Hilton Hotels Corp. v Commissioner of Fin. of City of N.Y.*, 219 AD2d 470, 476 [1995] [agency's rational statutory construction need not be the only reasonable construction]).

The New York State Tax Appeals Tribunal's decisions in *Matter of the Petition or Racal Corp. and Decca Elecs., Inc.* (1993

WL 181623, 1993 NY Tax LEXIS 208 [1993]) and *Matter of the Petition of Bankers Trust N.Y. Corp.* (1996 WL 131497, 1996 NY Tax LEXIS 133 [1996]) do not compel a different result. Together, they stand only for the proposition that the 17% income deduction can be claimed by an indirect parent if that parent can establish beneficial ownership by showing that it "had command over property or enjoyment of its economic benefits; own[ed] indirectly and control[ed] the voting stock of [the other] corporation; or had the absolute right to sell or pledge the stock, receive dividends from the stock and vote and maintain a shareholder derivative action" (*Bankers Trust*, 1996 WL 131497, *19, 1996 NY Tax LEXIS 133, *50 [internal quotation marks omitted]).

However, although this test was mentioned in both decisions, the State Tribunal never actually applied it in either. In *Racal*, the parties stipulated that the direct parent of the indirect subsidiary was a "paper" entity that performed no business, so there was no question of beneficial ownership, and, in *Bankers Trust*, the petitioner failed to supply sufficient evidence to which the panel could apply the test criteria. Thus, although petitioner takes issue with the manner in which respondent applied the test criteria in this case, its argument that respondent acted in contravention of the State Tribunal's dictates as set forth in either *Racal* or *Bankers Trust* is misplaced.

Respondent correctly found that for a parent to be treated as the beneficial owner of the assets of a subsidiary that serves a meaningful purpose apart from the parent's purposes, it must do more than merely control the subsidiary by voting its stock (*see Moline Properties, Inc. v Commissioner of Internal Revenue*, 319 US 436 [1943]; *see also National Carbide Corp. v Commissioner of Internal Revenue*, 336 US 422, 429 n 6, 433 [1949]). Here, all BT's control of BT UK and BT GMBH, both fully functioning corporations, came by way of its three-and-four-times-removed stock ownership. Thus, respondent's determination that BT was not the beneficial owner of BT UK and BT GMBH is rational and not at odds with the State Tribunal's decision in *Racal*.

We have considered petitioner's remaining arguments and find them without merit. Concur—Saxe, J.P., Sweeny, Freedman and Manzanet-Daniels, JJ.