■ S&P Global Inc., Formerly Known as McGraw Hill Financial, Inc., Petitioner, v New York City Tax Appeals Tribunal et al., Respondents. [48 NYS3d 346]—

Decision of respondent New York City Tax Appeals Tribunal, dated October 28, 2015, which, inter alia, reinstated Notices of Disallowance for petitioner's New York City General Corporation Tax (GCT) returns for the calendar years 2003 through 2007 and a Notice of Determination, dated August 17, 2011, to the extent applicable to the 2008 tax year, unanimously confirmed, the petition denied and the proceeding, commenced in this Court pursuant to CPLR 506 (b) (4) and article 78, dismissed, without costs.

The Tribunal's decision that income earned from petitioner's credit rating business was derived from "services" (*see* Administrative Code of City of NY § 11-604 [3] [a] [2]) and thus, properly sourced on a place-of-performance or origin basis, was rationally based and is entitled to deference (*see Matter of De Mayo v Rensselaer Polytech Inst.*, 74 NY2d 459, 462 [1989]; *Matter of Hilton Hotels Corp. v Commissioner of Fin. of City of N.Y.*, 219 AD2d 470, 476 [1st Dept 1995]).

The terms of petitioner's agreements with its clients make it clear that petitioner is being paid for a service, namely, "analytic review and issuance of a rating," which fee is not contingent on public dissemination. Petitioner is also paid an annual surveillance fee for continued maintenance of the rating. Even where a rating is not issued, "the issuer/obligor agrees to compensate [petitioner] based on the time, effort, and charges incurred." Indeed, for years, petitioner treated its credit ratings income as a service, informing the New York City Department of Finance that the same consists of "the review and analysis of debt instruments or other securities" and that, "[s]ince this is an individualized service, all revenue . . . has been reported . . . on an origin basis."

At the hearing, petitioner failed to meet its burden (Administrative Code § 11-680.5) of establishing that the subject income was derived from "all other business receipts" (Administrative Code § 11-604 [3] [a] [2] [D]). Unlike the New York State Department of Taxation and Finance's opinions relied upon by petitioner, New York State Department of Taxation and Finance Tax Guidance No. NYT-G-07(1)C (Jan. 17, 2007) and Advisory Opinion No. TSB-A-00(15)C (Sept. 6, 2000), where

subscription fees, advertising revenue, licensing, and access fees were found to constitute "other business receipts," the income here is earned for petitioner's work in providing an analysis and the resulting credit ratings are available to the public for free.

As the income is not earned from sales of subscriptions, advertising, or broadcasting, it does not fall within the media exception to the generally applicable income derivation rule (Administrative Code § 11-604 [3] [a] [2] [B] [iv]; [3] [a] [9]).

The credit ratings at issue are a form of speech protected by the First Amendment (*see Lowe v SEC*, 472 US 181, 203-204 [1985]; *In Re Scott Paper Co. Secs. Litig.*, 145 FRD 366, 370 [ED Pa 1992]). However, applying the rule set forth in *Leathers v Medlock* (499 US 439, 447 [1991]), the allocation here is not suspect. The allocation of income under the GCT applies to the type of revenue at issue, regardless of the idea or content of the published material (Administrative Code § 11-604 [3] [a] [2] [B] [iv]; [3] [a] [9]). The allocation does not single out or target credit rating agencies, a small group of providers of financial information, it applies to any First Amendment speaker who derives income from sources other than advertising and subscription sales (*see Leathers* at 447; *see also Stahlbrodt v Commissioner of Taxation & Fin. of State of N.Y.*, 92 NY2d 646, 650 [1998]).

Unlike in *Matter of McGraw-Hill, Inc. v State Tax Commn.* (146 AD2d 371, 375 [3d Dept 1989], *affd* 75 NY2d 852 [1990]), respondents do not seek to impose a different sourcing method for the same type of revenue, namely, advertising, against different members of the press engaged in a substantially similar business. Concur—Friedman, J.P., Richter, Kapnick and Kahn, JJ.